IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| TYIESHA WOOTEN ) | |
| ) | |
|    Plaintiff, ) | |
| ) | NO: |
| v. ) | |
| ) | |
| PARK HOTELS AND RESORTS, INC ) | |
| d/b/a HAMPTON INN AND SUITES ) | |
| ) | JURY DEMAND |
|    Defendant. ) | |

## COMPLAINT

### I.   Introduction

This case is about sexual assault, discrimination, and harassment. Plaintiff Tyiesha Wooten ("Plaintiff" or "Ms. Wooten") states the following for her Complaint against Defendant Park Hotels and Resorts, Inc. d/b/a Hampton Inn and Suites ("Defendant" or "Hampton Inn"):

### II.   Parties

1. Ms. Wooten is a female former employee of Defendant. She is a citizen and resident of Shelby County, Tennessee.

2. Park Hotels & Resorts Inc., is a Delaware Corporation with its principal office in Virginia. Park Hotels & Resorts owns and operates the Hampton Inn and Suites where Plaintiff worked for matters related to this case. Defendant may be served through its registered agent at 2908 Poston Avenue, Nashville, TN 37203.

### III.     Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391.

4. Ms. Wooten is filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") related to the violations raised in this Complaint. Ms. Wooten expressly reserves her right to amend this Complaint to include claims for Defendant's Title VII violations upon administrative exhaustion.

### IV.     Facts

5. Defendant hired Ms. Wooten to be a Housekeeper at the Hampton Inn and Suites in or around February 2016.

6. Ms. Wooten worked at the Hampton Inn and Suites on Shady Grove Road in Memphis, Tennessee.

7. Ms. Wooten was qualified for her job.

8. Ms. Wooten satisfactorily performed the duties of her job. Plaintiff received solid performance feedback and evaluation during her employment at the Hampton Inn.

9. During Plaintiff's employment she was subjected to multiple and repeated acts of sexual harassment and misconduct by a male employee of Defendant (the "harassing male employee").

10. The harassing male employee worked at the same Hampton Inn as Plaintiff.

11. Upon information and belief, the harassing male employee has a serious criminal record involving violence and aggressive criminal conduct.

12. Defendant was aware that the harassing male employee had a criminal record and history.

13. The harassing male employee engaged in several acts of sexual harassment, misconduct, or inappropriate and unwelcomed behavior towards his female coworkers, including Ms. Wooten.

14. The harassing male employee engaged in a number of harassing and otherwise inappropriate sexually-related misconduct towards female employees, including: inappropriate comments and sexual innuendo to female employees; exposing his private parts to female coworkers; unwelcomed sexual solicitations to female coworkers; and even the attempted rape or sexual assault of a female employee.

15. Complaints regarding the harassing male employee's workplace conduct was reported to Hampton Inn and Suites management in the past.

16. Upon information, Defendant did not take disciplinary action against the harassing male employee for the actions towards female employees for reported and alleged acts of misconduct towards female workers.

17. Defendant continued to employ the harassing male employee after receiving reports and complaints about his conduct towards female employees.

18. As a result, the harassing male employee continued to harass, make sexual solicitations, intimidate, and otherwise act inappropriately towards female employees at the Hampton Inn and Suites – including Ms. Wooten.

19. On a regular and repeated basis, Plaintiff was subjected to the following types of mistreatment from the harassing male employee: solicitations for sexual favors; comments of a sexual nature; unwelcomed incidents of touching Plaintiff on private parts of her body, including her rear end and breast; physical assault; and verbal and physical threats and intimidation.

20. Ms. Wooten, along with other female coworkers, discussed the workplace misconduct of the harassing male employee amongst themselves – which added to Plaintiff's belief that the workplace was a hostile work environment where her physical (and emotional) health and safety were at risk.

21. The conduct targeted at Ms. Wooten by the harassing male employee was offensive and unwelcomed.

22. Ms. Wooten always rejected the sexual advances and acts of aggression and intimidation targeted at her by the harassing male employee.

23. Even after Plaintiff repeatedly requested him to stop, the harassing male employee continued to target Plaintiff with harassing, intimidating, offensive, and inappropriate conduct.

24. On January 10, 2018, Ms. Wooten was targeted by the harassing male employee with particularly intimidating, harassing, and inappropriate behavior and comments.

25. On or about January 10, 2018, Ms. Wooten made verbal and written complaints to Defendant's management team about the unlawful behavior targeted at herself and other female employees. Plaintiff notified Defendant that his conduct was causing her to experience a hostile work environment.

26. Defendant did not exercise reasonable care to prevent and correct the conditions complained about by Plaintiff in her January report of sexual harassment and intimidation.

27. Defendant effectively dismissed Plaintiff's report regarding the harassing male employee. Plaintiff was informed by Defendant that "we cannot corroborate your allegations," and reduced the severity of her report to "innuendo and banter" between Plaintiff and the

harassing male employee. Defendant's ineffective effort to address Plaintiff's report was merely asking "the associate in question to refrain from communication with [Plaintiff] in the workplace," and "asking [Plaintiff] to refrain from speaking to him while at work as well."

28. Defendant failed to take appropriate preventative action against the male employee.

29. Hampton management and supervisors informed the harassing male employee that Ms. Wooten made a formal complaint regarding his actions at the workplace.

30. The harassing male employee was furious about Plaintiff reporting his misconduct to management.

31. On or around February 1, 2018, Ms. Wooten was sexually threatened, intimidated, and assaulted by the harassing male employee. While being permitted to work in close proximity to Ms. Wooten, the harassing male employee preyed on Plaintiff by following her into an area of the hotel where she was working, approached her aggressively, violently pushed her into a vulnerable position, and threatened her by saying "Didn't I tell you I was gonna get you."

32. The harassing male employee was witnessed entering the room where Ms. Wooten was alone cleaning by another female employee. Ms. Wooten was heard screaming and crying by employee(s).

33. Ms. Wooten escaped the situation eventually. She was witnessed screaming, crying, and running from the room. Plaintiff immediately shared the details about what happened to her with a coworker.

34. Plaintiff reported the incident in February 2018 to Hampton Inn managers and supervisors.

35. Defendant dismissed her report of sexual assault, assault, harassment, and intimidation. Plaintiff was notified that no preventive or corrective action would be taken against the harassing male employee in response to her report. Accordingly, Defendant notified Plaintiff that it would not be taking immediate or appropriate corrective action against the harassing male employee.

36. As a result, Plaintiff was constructively discharged.

37. Plaintiff suffered intolerable working conditions, physical and/or sexual assault, intimidation, and hostility. Defendant's failure to exercise effective or reasonable care to provide Plaintiff a workplace free from harassment, physical violence, intimidation, and other harms resulted in her constructive discharge.

38. Defendant treated Ms. Wooten differently in the terms, conditions, and privileges and benefits of employment than it treated other similarly-situated male employees, and the adverse treatment suffered by Ms. Wooten was based on her sex.

39. As a result of the conduct described herein, Plaintiff has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, damage to her reputation, emotional distress, undue stress and anxiety, loss of enjoyment of life; and incurred attorneys' fees and expenses.

40. Defendant acted willfully and maliciously or with reckless indifference to Plaintiff's protected rights.

## V.     Claims

### Sexual Harassment in Violation of the THRA

41. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

42. The Plaintiff was discriminated against and harassed because of her sex in violation of the Tennessee Human Rights Act.

43. The Plaintiff was subjected to harassment on account of her sex and such harassment created a sexually hostile work environment.

44. The harassment was at the hands of Defendant's agent and was un-welcomed based on sex, and was severe and pervasive so that it affected the terms and conditions of the Plaintiff's employment and Defendant is liable for such harassment.

45. Plaintiff did not appropriately handle the complaints of sexual harassment from the Plaintiff and other employees.

46. Said harassment resulted in the Plaintiff's working conditions to become intolerable.

47. Because of such conduct, the Plaintiff suffered severe emotional distress, mental anguish, embarrassment and humiliation.

48. Defendant acted with malice and/or reckless indifference toward the Plaintiff.

49. Defendant's conduct harmed and caused damage to Ms. Wooten.

## Sexual Discrimination in Violation of the THRA

50. Ms. Wooten re-alleges and incorporates by reference the above paragraphs with the same force and effect as it fully set out herein below.

51. The events alleged in this Complaint were targeted at Ms. Wooten on the basis of her gender (female).

52. Furthermore, said acts of discrimination have affected the Plaintiff's pay, raises, benefits, ability to advance, and right to be free of sexual discrimination, harassment and intimidation, and other terms and conditions of employment. Plaintiff alleges that male employees were not treated in the same manner.

### Reservation of Rights Title VII Claims

### (Sexual harassment and sexual discrimination)

53. Plaintiff reserves the right to amend this to include claims for violations of Title VII upon administrative exhaustion with the Equal Employment Opportunity Commission ("EEOC").

### PRAYER FOR RELIEF & JURY DEMAND

WHEREFORE, premises considered, Plaintiff prays for the following relief:

a. Monetary damages and attorneys exceeding $750,000.00;

b. Monetary award of damages for back pay;

c. Monetary award of damages for front pay;

d. Injunctive relief;

e. Pre and post judgment interest;

f. Compensatory damages and punitive damages (upon administrative exhaustion);

g. Attorney's fees and costs, and expenses of the action;

h. All other legal and equitable relief to which Plaintiff shows he is entitled, and which is just and proper; and

i. A jury trial.

Respectfully Submitted,

/s Brian C. Winfrey

Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276
bwinfrey@forthepeople.com