# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TYIESHA WOOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02242-MSN-cgc |
| ) | |
| PARK HOTELS AND RESORTS, INC., ) | |
| d/b/a HAMPTON INN AND SUITES ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Tyiesha Wooten ("Plaintiff") and Defendant Park Hotels and Resorts, Inc. ("Defendant"), by and through their respective undersigned counsel, hereby request that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as follows:

1. The Stipulated Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

2. The Stipulated Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include, but not be limited to, the following:

    (a) Information about Defendant's businesses that they in good faith consider confidential, proprietary, and competitively sensitive, including information (including personnel or contract information) about third parties associated with the business who are not parties to this lawsuit;

1

  (b) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits; and

  (c) Information about Plaintiff's mental and physical health, including records of treatment and consultation, tax returns or relevant tax information, educational records, and employment records.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.  Both parties will use their best efforts to limit the number of documents designated Confidential and will act in good faith in making such designations.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used by any recipient for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:

  (a) in-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

  (b) deposition notaries and staff;

  (c) persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

  (d) deponents during the course of their depositions; and

    (e) the parties to this litigation, their officers, and professional employees.

  6. Each counsel shall be responsible for providing notice of the Stipulated Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Stipulated Protective Order.  Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.  Deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

  If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing that the information should not be so deemed, and the parties shall attempt first to resolve such disputes in good faith and on an informal basis.  If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status.  The information shall continue to have Confidential status during the pendency of any such motion.

  7. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, or the parties in this action.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Stipulated Protective Order.

  8. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

  9. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties shall do one of the following:  return or destroy all

previously furnished Confidential Information including any copies thereof or certify that such materials will continue to be held in confidence by the attorneys until destroyed pursuant the attorney's document retention system.

10. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

11. Nothing in the Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

The parties agree that this protective order complies with and should be entered pursuant to Fed. R. Civ. P. 26(c).

SO ORDERED this 4th day of December , 2018.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE